# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:02CR00011 |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **MALCOLM LEWIS,** ) | |
| ) | By: James P. Jones |
| Defendant. ) | Chief United States District Judge |

On July 17, 2003, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the federal sentencing guidelines as required under 18 U.S.C. § 3553(a).

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

On April 16, 2008, the court received a letter from the defendant which the court treated as a Motion to Reduce Sentence pursuant to § 3582(c)(2).

Having considered the defendant's Motion to Reduce Sentence, the court concludes that the motion must be denied. The defendant pled guilty to maintaining a continuing criminal enterprise, in violation of 21 U.S.C. § 848. Pursuant to a plea agreement, the defendant was held responsible for 1.5 kilograms of crack cocaine. Under the amended guidelines, that amounts correlates with a base offense level of 36. Two levels are added because the defendant possessed a dangerous weapon, U.S.S.G. § 2D1.1(c)(1), increasing the defendant's base offense level to 38. Because the defendant pled guilty to maintaining a continuing criminal enterprise, U.S.S.G. § 2D1.5(a)(1) must be consulted. That section instructs that four levels must be added to the defendant's base offense level, resulting in a base offense level of 42. The defendant accepted responsibility for his actions, therefore three levels are subtracted for a total of 39. With a criminal history category of VI, the amended guidelines recommend a sentencing range of 360 months to life.

The Presentence Investigation Report, whose factual findings and recommendations this court adopted, calculated the defendant's original sentencing guideline range to be 360 months to life, based upon a Total Offense Level of 41 and a Criminal History Category of VI. As the defendant correctly notes in his letter to

this court, his original sentence was actually determined by a Rule 11(c)(1)(C) plea agreement. That plea agreement recommended a sentence of 285 months, which constituted a 22% departure below 360 months, the bottom of his recommended guideline range.

Pursuant to U.S.S.G. § 1B1.10(b)(2)(B), "If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate." At the defenfant's original sentencing, the bottom of the guideline range was 360 months and his sentence was reduced by 22% pursuant to a plea agreement, giving him a 285-month sentence. Under the amended guidelines, the bottom of the guideline range is 360 months. Of course, reducing 360 months by 22% still results in a sentence of 285 months.

Accordingly, it is **ORDERED** that the defendant's Motion to Reduce Sentence (Doc. No. 401) is **DENIED**.

The Clerk will send copies of this order to the defendant at his place of confinement and to the United States Attorney's Office.

    ENTER: May 8, 2008

    /S/ JAMES P. JONES
    Chief United States District Judge